FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILSON PERSHING STEVENSON, III and BNL TECHNICAL SERVICES, LLC,<br><br>Defendants. | No. 4:23-CR-06014-MKD-1<br>   4:23-CR-06014-MKD-2<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION GRANTED**<br>**(ECF NO. 19)** |

On May 10, 2023, the Court held a hearing for Defendants WILSON PERSHING STEVENSON, III and BNL TECHNICAL SERVICES, LLC's initial appearance and arraignment based on an Indictment. Defendant appeared out of custody represented by retained counsel Scott Johnson. Legal Intern Echo Fatsis supervised by Special Assistant U.S. Attorney Freida Zimmerman represented the United States. U.S. Probation Officer Erica Helms was also present telephonically.

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf and on behalf of the company. Scott Johnson has been retained to represent the Defendant and his company. The United States is not seeking detention.

**IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release, **ECF No. 19 is GRANTED**. Defendant shall remain released on the conditions previously imposed by the Middle District of Tennessee with the following modifications:

ORDER - 1

a. Defendant shall provide proof of income as required by Pretrial Services rather than pay stubs as previously ordered.

b. The previously ordered drug testing condition shall be stricken.

c. Defendant may not discuss the case with any employees of BNL Technical Services, LLC. Defendant may have contact with such employees for ongoing business purposes.

d. BNL Services, LLC shall provide a list of current federal contracts involving BNL Services, LLC that exist now and that come into existence in the future to U.S. Probation.

2. **Pursuant to Federal Rule of Criminal Procedure 5(f), the Government is advised:**

a. Pursuant to F. R. Crim. P. 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

ORDER - 2

  c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

  d. This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

 3. If a party desires this Court to reconsider Defendant's detention because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a

ORDER - 3

supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

4.   If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED May 12, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4